IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARY G. SLACK,                          )
                                        )
            Relator,                    )
                                        )
                                        )          1:10CV516
                                        )
BON AQUA INTERNATIONAL, INC.,           )
AQUA DYNE INC.,                         )
CONSTANCE C. LOWENSTEIN, and            )
GERALD H. LOWENSTEIN.                   )
                                        )
            Defendants.                 )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge on the following seven motions: (1) Defendants' Motion to Dismiss (Docket Entry 9); (2) Defendants' Motion for a Protective Order (Docket Entry 38); (3) Defendants' Motion to Reset Summary Judgment Deadline; or, in the Alternative, for Leave to File Notice of Dispositive Motions (Docket Entry 43); (4) Plaintiff's Motion for Summary Judgment (Docket Entry 46); (5) Defendants' Motion for Summary Judgment (Docket Entry 49); (6) Defendants' Motion for Relief Pursuant to Rule 56(d) (Docket Entry 51); and (7) Plaintiff's Motion to Strike Portions of Declaration of Constance C. Lowenstein Under FRCP 37(c)(1) (Docket Entry 59).[1]

---

[1] Although the caption of the instant case identifies Gary G.
(continued...)

For the reasons that follow, the undersigned will recommend that the Court grant Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and deny all remaining pending motions as moot.[2]

## Background

Plaintiff brought this matter as a *qui tam* action for false patent marking under 35 U.S.C. § 292. Plaintiff's Complaint alleges two claims: (1) that Bon Aqua International ("Bon Aqua") and Aqua Dyne, Inc. ("Aqua Dyne") marked certain products and related product packaging with expired (but previously valid) patents in violation of 35 U.S.C. § 292(a) (see Docket Entry 1, ¶¶ 27-32); and (2) that Gerald and Constance Lowenstein, as sole shareholders of Bon Aqua and Aqua Dyne, controlled the actions of Bon Aqua and Aqua Dyne and thus should be held personally liable for those false patent markings (see id. at ¶¶ 33-37).

During the pendency of this action, the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) (the "AIA"), became law. The AIA amended 35 U.S.C. § 292 in several respects. Those amendments included the addition of subsection (c), which

---

[1](...continued)
Slack as "Relator," in all other respects the Parties' filings refer to Slack as "Plaintiff," and the undersigned will do likewise for the purposes of this Memorandum Opinion.

[2] Because the undersigned recommends that the instant matter be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), the undersigned will address all motions by way of recommendation.

-2-

states: "The marking of a product . . . with matter relating to a patent that covered that product but has expired is not a violation of this section."  35 U.S.C. § 292(c).  Furthermore, the AIA provides: "The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act."  AIA, § 16(b)(4).

In light of this amendment, the Court ordered the Parties to file status reports addressing the effect of the AIA on the instant action.  (See Docket Entry 66.)  Through those filings, both Defendants and Plaintiff acknowledge that, as amended, Section 292 no longer provides a basis for Plaintiff's claims.  (See Docket Entry 67 at 2 ("In short, the effect of the [AIA] is as simple as it is inescapable. . . . [S]ince Plaintiff's false marking claim is based solely on a cause of action that is no longer viable, the action must be dismissed."); Docket Entry 68 at 1 ("In effect, the passage of the [AIA] as currently understood by the Plaintiff removes the basis for Plaintiff's false marking claim . . . .").)  Plaintiff, however, offers in addition:

> [P]rior to the passage of the [AIA], the present false marking claims were valid and actionable under 35 U.S.C. § 292.  Therefore, [Plaintiff] submits that the retroactive nature of the [AIA] constitutes a constitutional taking and is, therefore, unconstitutional.  See U.S. Const. art. I, § 9; U.S. Const. amend. V.

(Docket Entry 68 at 1.)[3]

## Motion to Dismiss

A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On the instant facts, given that Plaintiff's claims rest entirely on Defendants' display of expired (but previously valid) patents on certain products and related product packaging (see Docket Entry 1), Plaintiff's Complaint fails to state a claim in light of the clear language of the amended Section 292 that "[t]he marking of a product . . . with matter relating to a patent that covered the product but has expired is not a violation of this section," 35 U.S.C. § 292(c).

Furthermore, the Court cannot proceed on Plaintiff's contention that the AIA amounts to an unconstitutional taking because Plaintiff's proper course of action is to pursue that claim against the United States. See Rogers v. Conair Corp., Civil Action No. 10-1497, 2012 WL 1443905, *4 (E.D. Pa. Apr. 25, 2012) (unpublished) ("[Plaintiff's] proper remedy would be to seek just compensation, not to have the statute struck down as

---

[3] The cited excerpt from Plaintiff's Status Report represents the entirety of Plaintiff's contentions on the unconstitutionality of the AIA. (See Docket Entry 68 at 1.) Plaintiff has provided no argument, much less authority, supporting his position. (See id.)

-4-

unconstitutional.  The Tucker Act and the Little Tucker Act permit individuals like Plaintiff to sue the government for compensation in the Court of Federal Claims, and takings claims 'are premature until the property owner has availed itself of the process provided by the Tucker Act.'" (quoting Preseault v. I.C.C., 494 U.S. 1, 11 (1990))); Brooks v. Dunlop Mfg. Inc., No. C 10-04341 CRB, 2011 WL 6140912, *5 (N.D. Cal. Dec. 9, 2011) (unpublished) ("Because a taking is not unconstitutional unless it is uncompensated, [Plaintiff] must seek compensation and bring his taking claim against the United States, under either the Tucker Act or the Little Tucker Act, and have it adjudicated on the merits before this Court can acknowledge that an unconstitutional taking has occurred.").

Regardless, "[t]he Fifth Amendment's Takings Clause prevents the Legislature (and other government actors) from depriving private persons of <u>vested</u> property rights . . . ." Landgraf v. USI Film Prods., 511 U.S. 244, 266 (1994) (emphasis added). "[H]owever, no 'vested' right attaches until there is a final, unreviewable judgment, so it is of no moment that [Plaintiff] expended effort and resources in filing and pursuing the [C]omplaint." Rogers v. Tristar Prods., Inc., Nos. 2011-1494, 2011-1495, 2012 WL 1660604, *2 (Fed. Cir. May 2, 2012) (unpublished).  "That [Plaintiff] brought a qui tam action does not alter that conclusion.  In the analogous context of the False

Claims Act, courts long ago rejected the argument that a constitutional protected property right vests upon initiating suit." Id.; see also Cloverleaf Golf Course, Inc. v. FMC Corp., No. 11-cv-190-DRH, 2012 WL 948263, *1 (S.D. Ill. Mar. 20, 2012) (unpublished) ("[T]he retroactivity of the new § 292 is not an impermissible deprivation of plaintiff's vested property right because plaintiff does not have a vested property right.").[4]

## Conclusion

Because the AIA makes it clear that the sole basis of Plaintiff's claims does not support a cause of action and because any contention that the AIA amounts to an unconstitutional taking requires Plaintiff to pursue a claim against the United States, the instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 9) be granted.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion for a Protective Order (Docket Entry 38); Defendants' Motion to Reset Summary Judgment Deadline; or, in the Alternative, for Leave to File Notice of Dispositive Motions (Docket Entry 43); Plaintiff's Motion for Summary Judgment (Docket Entry 46); Defendants' Motion for Summary Judgment (Docket Entry 49); Defendants' Motion for

---

[4] Due to the conclusion that Plaintiff fails to state a claim upon which relief can be granted, the undersigned need not address the remaining pending Motions.

Relief Pursuant to Rule 56(d) (Docket Entry 51); and Plaintiff's Motion to Strike Portions of Declaration of Constance C. Lowenstein Under FRCP 37(c)(1) (Docket Entry 59) be denied as moot.

                                               /s/ L. Patrick Auld
                                                        **L. Patrick Auld**
                                        **United States Magistrate Judge**

May 31, 2012

-7-

Case 1:10-cv-00516-TDS-LPA   Document 69   Filed 05/31/12   Page 7 of 7